## EATON & QUICK *v.* PINK BARNHILL.

1. REPLEVIN. *Verdict. Separate assessment of property. Waiver. Practice.*
   In replevin for two horses the parties agreed that, "if the jury find for plaintiff, any informality in the verdict shall not be regarded." The jury found for plaintiff, but failed to separately value the horses. Defendants did not object to this in their motion for a new trial or otherwise. *Held,* they are now precluded from assigning the error.

2. APPEALS TO CIRCUIT COURT. *Damages; when allowed. Code* 1880, § 2354.
   Code 1880, § 2354, allows 10 per cent. damages on appeals to the circuit court only where defendant appeals and the plaintiff again recovers judgment. A plaintiff who is defeated in the justice court, but recovers judgment in the circuit court, is not entitled to the damages.

FROM the circuit court of Perry county.

HON. A. G. MAYERS, Judge.

The facts are stated in the opinion.

*Calhoon & Green,* for appellants.

1. The verdict should be set aside because the jury failed to separately assess the value of the two horses. The argument that this requirement does not apply to the case of match horses is unmatched; besides there is no proof that they were match horses. This requirement of law was not waived by the simple agreement that any informality in the verdict should be disregarded. This is a matter of substance and not of form.

2. There is no warrant in law for the allowance of 10 per cent. damages. It is a replevin suit, and the defeated plaintiff appealed. In such cases damages are not allowable.

*Hardy & Shannon* and *Nugent & McWillie,* for appellee.

The jury did right in assessing the value of the animals as a pair. A pair of match horses are often worth more than the two would be worth separately; so with a yoke of oxen, etc. But, if it was error not to separately assess them, it was waived by the agreement as to the verdict. Plaintiff should not now be prejudiced by this informality.

68 MISS.—20

COOPER, J., delivered the opinion of the court.

Barnhill, the appellee, is a resident of the state of Texas, and had stolen from him there a drove of horses, two of which he afterwards found in the possession of the appellants and sued out his writ of replevin therefor before a justice of the peace of Perry county. A jury of six was summoned under the statute to try the issue between the parties, and, having heard the evidence, this jury returned the following verdict, which deserves to be embalmed as a curiosity in judicial proceedings.

" In the absence of any evidence to prove *plaintiff's identity*, we, the jury, find for the defendants."

The plaintiff escaped and appealed his case to the circuit court, where, the jury being satisfied that he was himself, he recovered a judgment for the property, from which the defendants prosecute this appeal.

We find no error in the proceedings in the cause anterior to the verdict, but the jury failed to assess the value separately of the horses sued for, finding by their verdict only that the two were of the value of ninety dollars. Ordinarily this would be such an error as would require the cause to be remanded for the prosecution of a writ of inquiry. But we find in the record that when the cause was submitted to the jury it was agreed that, "if the jury found for the plaintiff, any informality in the verdict should not be regarded." In view of this agreement, and of the fact that, though the defendants .moved for a new trial on many grounds, they raised no objection to the verdict because of the failure of the jury to find separately the value of each horse, we think they are precluded from now assigning this defect as error.

It was one which could, and we suppose would, have been instantly remedied if objection had been taken in the lower court, and, since the plaintiff may justly have supposed it to be covered by the agreement and therefore failed to correct it, he should not here have the objection taken against him for the first time.

The court below, however, erred in rendering judgment on the verdict for the value of the property *and* ten per cent. damages thereon. This would have been correct if the plaintiff had

recovered a judgment before the justice of the peace.   Code 1880, § 2354.   But the *plaintiff* and not the defendants appealed from the justice's judgment.

*The judgment must therefore be reversed and a proper judgment on the verdict rendered here.*